## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VICTOR GOMEZ**, <br><br> *Plaintiff*, <br><br> v. <br><br> **OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY**, <br><br> *Defendant.* | Case No. 6:22-CV-00322-RAW-DES |

## ORDER

Before the Court is Defendant Okmulgee County Criminal Justice Authority's ("OCCJA") Motion to Dismiss, or in the Alternative, Motion to Quash Process [Dkt. No. 11]. For the reasons set forth below, the Motion to Dismiss is DENIED IN PART and GRANTED IN PART and the Motion to Quash Process is GRANTED.

## BACKGROUND

In the First Amended Complaint [Dkt. No. 9], Plaintiff Victor Gomez ("Gomez") asserts four causes of action under Title VII and/or 42 U.S.C. § 1981: (1) race and/or color discrimination, (2) hostile work environment, (3) constructive discharge, and (4) retaliation. *See* Dkt. No. 9, pp. 3, 5.

Plaintiff alleges that he began working for Defendant on or about April 2, 2018, but was constructively discharged on November 23, 2021. Dkt. No. 9, p. 3 ¶ 12. He alleges that during his tenure at OCCJA, his supervisor, Christopher Cook ("Cook"), made racially derogatory comments to him on at least two occasions. Dkt. No. 9, pp. 3-4 ¶¶ 19-24. First, he alleges that in May 2021, Cook asked him "if he knew how to make a PowerPoint slide," but then stated "oh never mind, I need it in English." Dkt. No. 9, p. 3 ¶¶ 19-20. Second, he alleges that on August 17, 2021, Cook stated "that Gomez was involved with 'the cartel' because he owned a Land Rover." Dkt. No. 9,

p. 4 ¶¶ 21-22. Following these incidents, Gomez filed an Internal Grievance with OCCJA detailing "several racial discrimination incidents including those listed above." Dkt. No. 9, p. 4 ¶ 24. Next, Plaintiff alleges that "[c]ontemporaneous with the filing of his internal grievance," Defendant "reassigned [him], demoted his rank, and reduced his pay." Dkt. No. 9, p. 4 ¶ 25. Subsequently, Plaintiff alleges that Defendant began a "targeted campaign of harassment in scheduling assignments," demotions, and pay cuts. Dkt. No. 9, pp. 4-5 ¶¶ 28-29. Ultimately, Plaintiff alleges that "Defendant's actions created a work environment which was untenable and forced [him] to resign." Dkt. No. 9, p. 5 ¶ 30.

## LEGAL STANDARD

### A. Rule 12(b)(6)

When addressing a Rule 12(b)(6) motion to dismiss, the court does not weigh the evidence the parties might present at trial but instead assesses whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). A complaint is legally sufficient when it contains enough "facts to state a claim to relief that is plausible on its face," and the factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a well-pled complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* In assessing a claim's plausibility, the court must accept all well-pled facts as true and view them in the light most favorable to the claimant. *Brokers' Choice*, 757 F.3d at 1165. The court is not bound, however, to accept an allegation as true when it amounts to no more than a conclusory statement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.  Rule 12(b)(4)**

Under Rule 12(b)(4), a "'defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4.'" *Pickup v. Dist. Ct. of Nowata Cnty.*, No. CIV 20-0346, 2023 WL 1394896, *41 (N.D. Okla. Jan. 23, 2021) (quoting *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994)). Specifically, "[a] Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *Pickup*, 2023 WL 1394896, at *41 (quoting *Oltremari by McDaniel v. Kansas Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)). "Motions under Federal Rule[] 12(b)(4) . . . differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action -- quashing the process without dismissing the action -- other than simply dismissing the case when the defendant's defense or objection is sustained." *Pickup*, 2023 WL 1394896, at *42 (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 346 (3d ed. 2004)). Therefore, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

## ANALYSIS

OCCJA first argues that Gomez's response to its Motion to Dismiss was untimely, so the Motion to Dismiss should be deemed confessed. *See* Dkt. No. 14, p. 1. Next, OCCJA argues that Gomez's Complaint should be dismissed because it failed to state a claim for which relief may be granted. *See* Dkt. No. 14, p. 2-5. Additionally, OCCJA argues that, if the Court finds the Complaint did state a claim for relief, then it should quash the insufficient process. See Dkt. No. 14, p. 1-2.

Finally, OCCJA requests that Gomez not be permitted to file a Second Amended Complaint. *See* Dkt. No. 14, p. 5-6.

## I.   PLAINTIFF'S UNTIMELY RESPONSE

Defendant filed its Motion on December 21, 2022 [Dkt. 11] and, pursuant to LCvR 7.1(d), Plaintiff's response was due not more than 14 days later, or by January 4, 2023. However, Plaintiff filed his response on January 6, 2023, two days after the deadline [Dkt. 13]. Consequently, Defendant asks this Court to deem its Motion confessed. *See* Dkt. 14 p. 1.

LCvR 7.1(d) states, "[e]ach party opposing a motion or objection shall file with the Court Clerk and serve upon all other parties a response within fourteen (14) days, if applicable, from the date the motion or objection was filed," and "[i]n the discretion of the Court, any non-dispositive motion or objection which is not opposed within fourteen (14) days may be deemed confessed." (E.D. Okla. LCvR 7.1(d)). However, in *Houck v. Okla. Workers' Comp. Ct.*, the Appellate Court held that the plaintiff's untimely Response was an insufficient reason for the District Court to deem the defendant's Motion confessed, and that it should not have dismissed the Complaint based on the untimely response. 193 Fed. Appx. 772, 773 (10th Cir. 2006) ("The untimeliness of Mr. Houck's response to the motions to dismiss was not a sufficient basis for dismissal."). Moreover, the court in *Kier v. Lowery* held "'[i]n light of the judicial system's strong predisposition for resolving cases on the merits and the fact that plaintiff's request pertains to a dispositive motion, the Court declines to deem defendant Lowery's motion to dismiss confessed.'" No. 16-CV-370, 2017 WL 1015319, at *12 (N.D. Okla. Mar. 15, 2017) (internal quotation omitted). Finally, the court in *Dotson v. Ad Astra Recovery Servs.* held that "[p]laintiff has filed an untimely response to Jefferson's Motion. The Court will consider the Response despite its untimely filing." No. CIV-22-264-C, 2022 WL 2079889 (W.D. Okla. June 9, 2022), *aff'd sub nom.* Dotson v. AWA

Collections, No. 22-6078, 2023 WL 3055574 (10th Cir. Apr. 24, 2023). Therefore, the Court will not deem Defendant's Motion confessed and will consider Plaintiff's untimely response.

## II.      12(B)(6) MOTION TO DISMISS

OCCJA asserts that the Complaint should be dismissed for failure to state a claim for relief on all claims. The Complaint alleges (1) discrimination, (2) hostile work environment, (3) constructive discharge, and (4) retaliation in violation of Title VII and/or 42 U.S.C. § 1981.

### A.  RACIAL DISCRIMINATION

OCCJA argues that Gomez failed to state a plausible claim of racial discrimination under either Title VII or 42 U.S.C. § 1981. *See* Dkt. No. 11, p. 4. "Title VII prohibits employment discrimination based on 'race, color, religion, sex, or national origin.'" *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1213 (10th Cir. 2022) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). To state a plausible claim for relief, Plaintiff must allege "(1) [he] belongs to a protected class, (2) [he] suffered an adverse employment action, and (3) the adverse employment action occurred under circumstances giving rise to an inference of discrimination." *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011). Furthermore, "[i]n racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under §§ 1981 or 1983 or Title VII." *Baca v. Sklar*, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005). Therefore, the analysis below applies to Plaintiff's claim of discrimination under both Title VII and 42 U.S.C. § 1981.

#### i.  ELEMENT ONE

Regarding element one, Plaintiff alleges that he is Hispanic. Dkt. No. 9, p. 1 ¶ 1. Since Hispanic is a protected class, Plaintiff has plausibly alleged element one. *See Perkins v. Wynne*, 245 Fed. Appx. 771, 774 (10th Cir. 2007) ("Mr. Perkins's replacement was a Hispanic, who is also a member of a protected class."); *Gomez v. City of Edgewater*, No. 99-1113, 2000 WL

339171, at *2 (10th Cir. Mar. 31, 2000) ("In the present case, Plaintiff is Hispanic and therefore a member of a protected class.").

### ii. ELEMENT TWO

Regarding element two, Plaintiff alleges that he was reassigned, his rank was demoted, and his pay was reduced. Dkt. No. 9, pp. 4-5 ¶¶ 25, 30, 35. "An adverse employment action includes acts that 'constitute[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1268 (10th Cir. 2005) (quoting *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998)). However, "an adverse employment action is not limited to such acts." *Id.* For example, "transfer of [Plaintiff] to a lower paid position constituted an adverse action because it resulted in a monetary loss." *Duvall v. Putnam City Sch. Dist.*, 530 Fed. Appx. 804, 811 (10th Cir. 2013). Likewise, the Tenth Circuit held that a pay cut can constitute an adverse employment action. *Catchai v. JBS Swift Greeley & Co.*, No. 15-CV-01606-MJW, 2016 WL 915794, at *6 (D. Colo. Mar. 10, 2016) ("Specifically, Plaintiff alleges that the "tender loin" position paid $16.15 per hour and the "drop wing" position paid $14.05 per hour. This factual allegation is sufficient for Plaintiff to meet the second element—showing that he suffered an adverse employment action."). Since Plaintiff alleged that Defendant "reduced his pay," he has plausibly alleged element two. Dkt. No. 9, p. 4 ¶ 25.

### iii. ELEMENT THREE

Regarding element three, Plaintiff alleges that Defendants acted in a way that "adversely affected his status as an employee because of his race and/or color." Dkt. No. 9, p. 3 ¶¶ 16. While this allegation appears conclusory, Plaintiff gives examples of his assertion by detailing two

specific incidents of alleged racial discrimination by Defendant and states that he filed an Internal Grievance detailing several more incidents. Dkt. No. 9, pp. 3-4 ¶¶ 18-24.

"An 'inference of discrimination' may be shown in various ways, including 'actions or remarks made by decision makers,' 'preferential treatment given to [an] employee outside the protected class,' or 'the timing or sequence of events leading up to plaintiff's termination.'" *Dial v. McDonough*, No. CV 21-01071-KHV-ADM, 2022 WL 17289152, at *9 (D. Kan. Nov. 29, 2022) (quoting *Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005)). Alternatively, Plaintiff can plausibly allege an inference of discrimination by alleging that "the employer treated similarly situated employees more favorably." *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011). "Individuals are considered 'similarly-situated' when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline and have engaged in conduct of 'comparable seriousness.'" *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 801 (10th Cir. 2007) (quoting *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006)). Based on Tenth Circuit decisions, Plaintiff has plausibly alleged that there was an inference of discrimination.

For example, in *Townsend-Johnson v. Cleveland*, the Tenth Circuit Court of Appeals held that the plaintiff plausibly alleged element three when she stated, "all non-female-African-American principals whose schools did not meet AYP goals had their contracts renewed for the next school year," because "Plaintiff identified, in her complaint, a group of non-female-African-American employees who Defendant allegedly treated differently." 494 Fed. Appx. 833, 837 (10th Cir. 2012). Similarly, Plaintiff alleged that "[o]ther non-Hispanic supervisors who have been 'reassigned' by the Defendant . . . have maintained their rank and pay." Dkt. No. 9, p. 3 ¶¶ 16. This is also analogous to the decision in *Bruton v. Okla. Dep't of Corr.*, where the court held that

element three was plausibly alleged because "Plaintiff also allege[d] factual circumstances where she believes she was treated differently than white colleagues." No. CIV-19-34-R, 2019 WL 3413853, at *3 (W.D. Okla. July 29, 2019).

Defendant argues in its Motion that Plaintiff's Complaint is "extraordinarily vague" about the other supervisors who were also reassigned. *See* Dkt. No. 11, p. 6. However, previous Tenth Circuit decisions establish that Plaintiff has plausibly alleged sufficient facts. *See Lupton v. Am. Fid. Assur. Co.*, 22 F. Supp. 3d 1190, 1195 (W.D. Okla. 2014) (holding that the allegation "[plaintiff] was terminated because of his efforts in hiring and promoting African-Americans within American Fidelity Assurance Company" was sufficient to plausibly allege element three); *Wooley v. Indigo AG, Inc.*, No. 21-CV-00240-CMA-KLM, 2022 WL 4365982, at *2 (D. Colo. Sept. 21, 2022) (holding that the allegation "he was treated less favorably than others not in the protected class, who were not fired or placed on performance improvement programs" plausibly allege element three). Moreover, this Court previously held that "[plaintiff] was treated less favorably than non-members of the protected classes in which she belongs" was a sufficient allegation to satisfy the plausibility standard. *Hernandez v. Unarco Indus.*, No. CIV-15-001-KEW, 2017 WL 318820, at *3 (E.D. Okla. Jan. 23, 2017). Therefore, Plaintiff has stated a racial discrimination claim, and Defendant's Motion to Dismiss as to this claim is denied.

## B.  HOSTILE WORK ENVIRONMENT

Plaintiff also alleges that the foregoing claim of discrimination resulted in a hostile work environment. Dkt. No. 9, p. 5 ¶ 32. "To allege a plausible claim under a hostile work environment theory, a plaintiff must allege facts suggesting that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *New v. Bd.*

*of Cty. Comm'rs*, 434 F. Supp. 3d 1219, 1226 (N.D. Okla. 2020) (quoting *Payan v. United Parcel Service*, 905 F.3d 1162, 1171 (10th Cir. 2018)). "'[M]ere utterance of an . . . epithet which engenders offensive feelings in a[n] employee, does not sufficiently affect the conditions of employment to implicate Title VII.'" *Deuth v. Martin Marietta Materials, Inc.*, No. 20-CV-03660-PAB-NRN, 2023 WL 22187, at *3 (D. Colo. Jan. 3, 2023) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Additionally, "The same substantive standards apply to a hostile work environment claim regardless of whether the plaintiff has brought it under § 1981 or Title VII." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1221 (10th Cir. 2015).

### i.  PERVASIVENESS

Regarding pervasiveness, Plaintiff alleges two specific incidents in support of his hostile work environment claim. *See* Dkt. No. 9, pp. 3-5. However, "[a] plaintiff does not make a sufficient showing of a pervasively hostile work environment by demonstrating a few isolated incidents of sporadic slurs. Instead, there must be a steady barrage of opprobrious comments." *Brown v. LaFerry's LP Gas Co.*, No. CIV-16-321-JHP, 2017 WL 318822, at *3 (E.D. Okla. Jan. 23, 2017), aff'd, 708 F. App'x 518 (10th Cir. 2017) (quoting *Morris v. City of Colorado Springs*, 666 F.3d 654, 666 (10th Cir. 2012)). Plaintiff alleges that the foregoing incidents in May 2021 and on August 17, 2021, created a hostile work environment. *See* Dkt. No. 9, pp. 3-5. However, these two incidents are not pervasive enough to alter the conditions of Plaintiff's employment. *See Brown*, 708 Fed. Appx. at 521-22 (holding that three racially inappropriate or offensive comments "were not sufficiently pervasive or extreme to support a hostile work environment claim under Title VII."); *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) ("two comments fall far short of the "steady barrage" required for a hostile environment claim.").

Plaintiff further alleges that he filed an internal grievance citing "several racial discrimination incidents including those listed above," but this allegation is also deficient because it contains no factual details. *See Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("An allegation of unspecified 'racial slurs of harassment' is insufficient to raise a hostile work environment claim from merely speculative to plausible. Just as in *Hernoe*, plaintiff 'does not describe the alleged threats in any detail, and he does not allege that the threatening behavior was so severe or pervasive that it created an abusive working environment.'"); *Collins v. Bd. of Cnty. Comm'rs of Nowata Cnty.*, No. 22-CV-375-GKF-MTS, 2023 WL 3854085, at *4 (N.D. Okla. June 6, 2023) ("Mr. Collins' additional allegations regarding the 'other derogatory names' he was called and 'other derogatory comments' made by the Commissioner are too vague and ambiguous to nudge his hostile work environment claim across the line from possible to plausible."). Consequently, Plaintiff's allegations are not pervasive enough to state a hostile work environment claim.

### ii.  SEVERITY

In terms of severity, "[c]ourts have held that isolated acts of verbal harassment are not sufficiently severe to alter the terms of employment." *Brown v. LaFerry's LP Gas Co.*, No. CIV-16-321-JHP, 2017 WL 318822, at *4 (E.D. Okla. Jan. 23, 2017), aff'd, 708 F. App'x 518 (10th Cir. 2017) (citing *Morris v. City of Colorado Springs*, 666 F.3d 654, 666-69 (10th Cir. 2012)). Instead, "physical assault . . . is typically required when dealing with isolated incidents of misconduct." *Id.* (citing *Morris v. City of Colorado Springs*, 666 F.3d 654, 666-69 (10th Cir. 2012)). Therefore, just as this Court previously decided in *Brown*, Plaintiff's allegations of verbal statements are not severe enough to state a hostile work environment claim. *Id.* Therefore, Plaintiff has failed to state

a hostile work environment claim. Consequently, Defendant's Motion to Dismiss is granted as to Plaintiff's hostile work environment claim.

### C.  CONSTRUCTIVE DISCHARGE

Plainitff also claims that he was constructively discharged. Dkt. No. 9, p. 5 ¶ 35. "[C]onstructive discharge 'can be regarded as an aggravated case of . . . hostile work environment.'" *Hall v. United States DOL*, 476 F.3d 847, 851 (10th Cir. 2007) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 146 (2004)). "In order to state a constructive discharge claim on this basis, the plaintiff must allege facts sufficient to show both that a hostile work environment existed and that this environment was 'so intolerable that a reasonable person would have felt compelled to resign.'" *Brown v. Laferry's LP Gas Co.*, 708 Fed. Appx. 518, 523 (10th Cir. 2017) (quoting *Penn. State Police v. Suders*, 542 U.S. 129, 146-47 (2004)). Since Plaintiff has failed to state a claim of a hostile work environment, he has also failed to state a claim of constructive discharge. Therefore, Defendant's Motion to Dismiss is granted as to Plaintiff's constructive discharge claim.

### D.  RETALIATION

Plaintiff alleges that Defendant reduced his rank and pay in retaliation for filing a formal complaint. Dkt. No. 9, p. 4 ¶ 26. "Title VII's anti-retaliation provision (the opposition clause) bars an employer from discriminating against an individual who has 'opposed any practice made an unlawful employment practice' by the statute. 42 U.S.C. § 2000e-3(a)." *Reznik v. Incontact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021). "A plaintiff can state a valid claim under Title VII or § 1981 by presenting either direct or circumstantial evidence of retaliation. When a plaintiff presents only circumstantial evidence, the *McDonnell Douglas* burden-shifting framework typically applies." *Thomas v. Berry Plastics Corp.*, 803 F.3d 510, 514 (10th Cir. 2015). Therefore, "[t]o state a prima

facie case for retaliation under Title VII, a plaintiff must show '(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011)). "This standard is the same under both Title VII and § 1983 claims." *Shoals v. Okla. ex rel. Okla. Dep't of Human Servs.*, No. CIV-16-220-RAW, 2016 WL 7168083, at *2 (E.D. Okla. Dec. 8, 2016).

### i.   ELEMENT ONE

Plaintiff alleges that he filed an internal grievance with Defendant October 27, 2021. The Tenth Circuit has held that internal grievances satisfy element one for a retaliation claim. *See Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1265 (10th Cir. 2009) ("both her internal grievance and her first EEOC charge constitute protected opposition.") Therefore, Plaintiff has plausibly alleged element one.

### ii.   ELEMENT TWO

Regarding element two, Plaintiff alleges that Defendant "demoted his rank[] and reduced his pay." Dkt. No. 9, p. 4 ¶ 25. "To qualify as an adverse employment action, however, an 'employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Payan v. United Parcel Service*, 905 F.3d 1162, 1172 (10th Cir. 2018) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). The Tenth Circuit has held that a demotion and a salary decrease is materially adverse. *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1317 (10th Cir. 2017) ("A reasonable person in Dr. Hiatt's position would view her demotion to Outreach Coordinator, coupled with a salary decrease of $2,000, as an adverse employment action); *see also Myles v. Okla. Dep't of Hum. Servs.*, No. CIV-

13-676-D, 2014 WL 1873281, at *3 (W.D. Okla. May 8, 2014) ("Plaintiff has alleged facts sufficient to plausibly show a causal connection between her protected activity and the materially adverse employment action of demotion."). Therefore, Plaintiff has plausibly alleged element two.

### iii.  ELEMENT THREE

"To establish a causal connection, a plaintiff must 'present evidence of circumstances that justify an inference of retaliatory motive.'" *Anupama Bekkem v. Wilkie*, 915 F.3d 1258, 1271 (10th Cir. 2019) (quoting *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014)). If the protected conduct is closely followed by the adverse action, courts have often inferred a causal connection. *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014). Plaintiff alleges that Defendant took adverse actions against him "contemporaneous" with his protected conduct. Dkt. No. 9, p. 4 ¶ 25. Black's Law Dictionary defines "contemporaneous" as "taking place at the same time as another occurrence." *Contemporaneous*, BLACK'S LAW DICTIONARY (11th Ed. 2019). Notably, Tenth Circuit courts have held that an adverse action occurring "at the same time" as protected conduct plausibly alleges element three. *See Reynard v. Washburn Univ. of Topeka*, No. 519CV04012HLTTJJ, 2020 WL 9074454, at *1 (D. Kan. Mar. 5, 2020) ("Here, [Plaintiff] alleges she engaged in protected activity beginning in April 2018. *At that same time*, [Defendant] began soliciting negative . . . comments from students about [Plaintiff]. *At the same time*, her classroom was reassigned, exacerbating her medical condition, and she was given performance improvement plans and lost important job responsibilities. That [Plaintiff] was subjected to arguably adverse actions around the time she complained of discrimination plausibly states a claim of retaliation.") (internal citations omitted) (emphasis added); *Guara v. City of Trinidad*, No. 10-CV-02529-WJM-KMT, 2012 WL 2051076, *5 (D. Colo. June 7, 2012) ("Moreover, Plaintiff reported his co-worker's harassment at the same time he informed Bulson that he had tape recorded the conversation. This

temporal link is sufficient to meet Plaintiff's prima facie burden with respect to causation. Accordingly, the Court finds that Plaintiff has satisfied his prima facie burden.") (internal citation omitted). Therefore, Plaintiff has plausibly alleged element three. Consequently, he has also stated a retaliation claim and Defendant's Motion to Dismiss is denied as to this claim.

### III.    12(B)(4) MOTION TO QUASH PROCESS

Defendant states, "[s]hould this Court determine Plaintiff has stated a claim, Defendant moves this Court to quash the process served on Defendant." *See* Dkt. No. 11, p. 4. Since Plaintiff has stated a claim of discrimination and retaliation, the Court will address the issue of quashing the process. Defendant states that Plaintiff's Original Complaint was filed in Okmulgee County, but the summons issued to Defendant was from the District Court of Tulsa County and directed Defendant to respond in Tulsa County. *See* Dkt. No. 11, pp. 2-3. However, the summons was filed of record in Okmulgee County. See Dkt. No. 11, p. 3. Additionally, the summons listed the incorrect case number, and it is unclear whether the summons was signed by the Tulsa County District Court Clerk or the Okmulgee County District Court Clerk. *See* Dkt. No. 11, pp. 2-3. While Plaintiff did file an Amended Complaint, he did not issue or serve a new summons to Defendant. *See* Dkt. No. 11, p. 3. Plaintiff acknowledges that the title of the summons states Tulsa County but denies that it was issued out of Tulsa County. *See* Dkt. No. 13, p. 4. However, Plaintiff is willing to correct the service issue. *See* Dkt. No. 13, p. 4. Therefore, the Court finds that the deficiencies are curable and grants Defendant's Motion to Quash Process. *See Moomey v. Express Messenger Sys.*, No. 221CV00575DAKJCB, 2021 WL 5772268 (D. Utah Dec. 6, 2021); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

### IV.    REQUEST TO AMEND

In his response, Plaintiff requests permission to amend his complaint should the Court grant Defendant's Motion to Dismiss. *See* Dkt. No. 13, p. 4. Defendant rebuts this request, citing LCvR 7.1(b) and FRCP 7(b). *See* Dkt. No. 14, p. 5. LCvR 7.1(b) states, "[e]ach motion, application, or objection filed shall be a separate pleading, except where alternative pleading is allowed by law or these Rules." E.D. Okla. LCvR 7.1. Additionally, FRCP 7(b)(1) states that "[a] request for a court order must be made by motion." Fed R. Civ. P. 7(b)(1). Moreover, the Tenth Circuit, and this Court in particular, have routinely denied requests that were stated in a Response instead of a separate Motion. *See Smith v. Oak Creek Homes*, LLC, No. 23-CV-53-RAW-GLJ, 2023 WL 3903188, at *3 (E.D. Okla. May 12, 2023); *Gray v. Acadia Healthcare Co.*, No. 19-CV-00338-JFH, 2020 WL 5996418, at *12 (E.D. Okla. Oct. 9, 2020); *Matthews v. Douglas Cnty. Sch. Dist. Re-1*, No. 21-1086, 2023 WL 4305824, at *4 (10th Cir. June 28, 2023); *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014). Therefore, Plaintiff's "request" for leave to amend is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Dkt. No. 11], is DENIED IN PART and GRANTED IN PART and Defendant's Motion to Quash Process is [Dkt. No. 11] is GRANTED.

**IT IS SO ORDERED** this 4th day of August, 2023.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**