IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR GOMEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-CV-322-RAW-DES |
| v. ) | |
| ) | |
| OKMULGEE COUNTY CRIMINAL ) | |
| JUSTICE AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant Okmulgee County Criminal Justice Authority's ("Defendant") Motion to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5) and 4(m). (Docket No. 27). On December 12, 2022, United States District Judge Ronald A. White referred this case to Magistrate Judge Kimberly E. West for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 10). On June 2, 2023, the Court Clerk reassigned the undersigned Magistrate Judge as the referral judge for this case. (Docket No. 24). For the reasons set forth below, the undersigned Magistrate recommends Defendant's Motion to Dismiss should be GRANTED.

I. Background

Plaintiff originally filed this claim in the District Court of Okmulgee County, State of Oklahoma on October 18, 2022, alleging violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. On November 16, 2022, Defendant moved for removal to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1441 *et seq.*, Fed. R. Civ. P. 81(c), and Local Rules 81.1 and

81.2. (Docket No. 2). On November 23, 2022, Defendant filed a Motion to Dismiss, or in the Alternative, Motion to Quash Process, alleging insufficient process and failure to state a claim for which relief can be granted. (Docket No. 7). Although the summons issued to Defendant was filed in the District Court of Okmulgee County, the caption indicated it was from the District Court of Tulsa County and directed Defendant to respond in the District Court of Tulsa County. (Docket No. 2, Ex. 3). Defendant thus argued that the summons failed to include the mandatory information required by both the federal rules and Oklahoma Statute, making it insufficient under Fed R. Civ. P. 4 and 12 O.S. § 2004. (Docket No. 7 at 2-3).

Rather than responding to Defendant's Motion to Dismiss or Motion to Quash, Plaintiff filed an Amended Complaint on December 9, 2022. (Docket No. 9). Thereafter, Defendant once again filed a Motion to Dismiss the Amended Complaint, or in the Alternative, Motion to Quash Process, making essentially the same arguments as before, but further arguing that Plaintiff's filing of an Amended Complaint neither relieved him of the duty to serve Defendant with sufficient process, nor cured the insufficient process. (Docket No. 11 at 3). Defendant pointed out that Plaintiff never attempted to request new correct summons. *Id.* On August 4, 2023, District Judge Ronald A. White entered an Order denying in part and granting in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint and granting Defendant's Motion to Quash. (Docket No. 25).

In his Order, District Judge White analyzed Defendant's Rule 12(b)(6) Motion to Dismiss and granted Defendant's Motion as to Plaintiff's hostile work environment claim and constructive discharge claim but denied Defendant's Motion to Dismiss Plaintiff's racial discrimination claim and retaliation claim. *Id.* As it relates to Defendant's Motion to Quash service, District Judge White found that based on Plaintiff's acknowledgement that the summons was titled as Tulsa County but

2

actually issued from Okmulgee County and Plaintiff's willingness to correct the service issue, the deficiencies were curable and Defendant's Motion to Quash was granted. *Id.* at 14. Plaintiff had ninety (90) days from the Order quashing service to serve Defendant with a sufficient summons under Fed. R. Civ. P. Rule 4(m). That time for service expired on November 2, 2023.

On December 7, 2023, Defendant filed the instant Motion to Dismiss arguing Plaintiff has not served Defendant with sufficient summons within the ninety (90) day limitations and therefore the Court must dismiss this action without prejudice. (Docket No. 27 at 7).

II.     Analysis

Under Fed. R. Civ. P. Rule 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service. Here, there is no doubt that Defendant has not been served. Even assuming, *arguendo*, that Defendant was originally served, service was quashed by District Judge White's Order entered on August 4, 2023. Plaintiff had the duty to issue proper summons that comply with Fed. R. Civ. P. Rule 4(a) and serve the summons in compliance with Fed. R. Civ. P. Rule 4(c).

The only way Plaintiff can alleviate his duty from complying with Rule 4 is through a showing of good cause as to why additional time should be given for service. In his Response to Defendant's Motion to Dismiss, Plaintiff does not assert good cause for failing to effectuate service within the applicable timeframe. (Docket No. 28). Rather, Plaintiff argues that even by failing to show good cause, dismissal is not automatically required. *Id.* at 1-2. Plaintiff is correct that the Court has discretion to determine whether a permissive extension of time is warranted. *Espinoza v. U.S.,* 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown for untimely service, an extension of time for service of process is mandatory. Fed. R. Civ. P. 4(m). If good cause is not

3

shown, then the court determines whether a permissive extension is warranted. *Espinoza,* 52 F.3d 838 at 841. The court may then, within its discretion, dismiss without prejudice or extend the time for service. *Id*. "In determining whether to grant a permissive extension, the pertinent considerations include [the plaintiff's] pro se status, the complexity of the service requirements for federal agencies, the danger of prejudice to the defendants and the possible expiration of the statute of limitations on the claims." *Shepard v. U.S. Dep't of Veterans Affs*., 819 F. App'x 622, 624 (10th Cir. 2020) (unpublished) (citing *Espinoza*).

In this case, Plaintiff is not proceeding pro se and no federal entity is a party to this lawsuit, therefore those factors are not in Plaintiff's favor. Regarding the statute of limitations factor, under Okla. Stat. tit. 12, § 100, Plaintiff may be able to refile his surviving claims within one year of any dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100. (*See also Young v. Rios,* No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018)). Thus, three of the four *Espinoza* factors weigh against granting Plaintiff a permissive extension of time in this case. The final factor is the danger of prejudice to the Defendant. In its Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Docket No. 29), Defendant argues it has been prejudiced and will continue to be prejudice by Plaintiff's failure to comply with Rule 4(m). *Id.* at 3.

Defendant notes that Plaintiff has acknowledged the deficient process and stated he would correct it on January 6, 2023. *Id.* (referencing Docket No. 13 at 4). Since that time however, Defendant has had to "expend time and resources filing a Motion to reset the initial Scheduling Conference, continuing to challenge the lack of service of sufficient process via the present Motion and Reply, and moving to strike all deadlines" simply because Plaintiff has not effectuated service despite telling the Court he was willing to do so. (*Id.*).

4

Plaintiff has had over a year to properly serve the Defendant. Service has been judicially determined to be ineffective since August 4, 2023, meaning that Plaintiff had the duty to serve Defendant on or before November 2, 2023; Plaintiff has failed to do so. Furthermore, since November 2, 2023, until the entry of this Report and Recommendation, Plaintiff has had an additional seventy (70) plus days to effectuate proper service on Defendant and he has failed to even issue summons for service. Plaintiff was given a second chance to properly serve Defendant following District Judge White's Order on August 4, 2023; to once again allow him additional time to serve Defendant would amount to prejudice against Defendant.

Therefore, the undersigned Magistrate Judge hereby RECCOMENDS Defendant Okmulgee County Criminal Justice Authority's Motion to Dismiss for Failure to Serve be GRANTED and Plaintiff's Amended Complaint be dismissed without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 17th day of January, 2024.

_____
D. Edward Snow
United States Magistrate Judge